UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| In re: ) | |
| ) | |
| Brian M. Anger and ) | Chapter 7 |
| Jean M. Anger, ) | Case No. 04-40719 JBR |
| ) | |
| Debtors ) | |
| _____) | |
| ) | |
| Elaine L. Chao, Secretary of ) | |
| Labor, United States Dept. ) | |
| of Labor ) | |
| ) | Adversary Proceeding No. 04-4336 |
| v. ) | |
| ) | |
| Brian M. Anger ) | |
| _____) | |

FILED
IN CLERK'S OFFICE

2004 JUN -2 P 3: 52

BANKRUPTCY COURT
WORCESTER, MA.

### DEBTOR'S MEMORANDUM IN OPPOSITION TO MOTION TO WITHDRAW REFERENCE OF ADVERSARY COMPLAINT FROM THE BANKRUPTCY COURT TO THE DISTRICT COURT

Brian M. Anger, the Debtor and Defendant, submits this Memorandum of Law in opposition to the Motion to Withdraw Reference of Adversary Complaint from the Bankruptcy Court to the District Court (the "Motion") filed by Elaine L. Chao, Secretary of Labor, United States Dept. of Labor ("DOL").

### ISSUE

The Debtor adopts DOL's statement of the issue presented by the Motion.

### STATEMENT OF THE CASE

DOL has filed two complaints against the Debtor. The first, filed on April 30, 2004, in the United States District Court for the District of Massachusetts, Case No. 04-40065-NMG (the "District Court Complaint"), alleges that the Debtor, acting as trustee of the Northeast Display

Inc. 401(k) Savings and Investment Plan (the "Plan"), bears liability for the failure of the plan sponsor, NDI International, Inc., ("NDI") to remit employee contributions to the Plan. The District Court Complaint seeks both injunctive and monetary relief.

In seeking monetary relief against the Debtor, DOL's District Court Complaint violates the automatic stay. 11 U.S.C. § 362(a)(6) ("... a petition ... operates as a stay, applicable to all entities, of ... any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under [Title 11] ...") DOL, in its memorandum in support of the Motion, argues that the District Court Complaint is excepted from the automatic stay under section 362(b)(4) of the Bankruptcy Code "to the extent that it seeks to establish a dollar value of restitution owed to the Plans (sic) and to obtain other injunctive relief." The fallacy of DOL's statement lies in the representation that DOL is simply seeking to establish a dollar value of restitution. To the contrary, the District Court Complaint seeks a judgment compelling the Debtor to pay a monetary award and specifically seeks to collect the requested judgment through a "set off" of the Debtor's funds in the Plan. As support for its position, DOL cites Pension Benefit Guaranty Corp. v. LTV, 875 F.2d 1008 (2d Cir. 1989), rev'd 110 S.Ct. 2668 (1990), affirming In re Chateaugay Corp., 87 B.R. 779 (S.D.N.Y. 1988). The LTV decision is inapposite. In LTV, the Chapter 11 debtor had terminated its pension plans pursuant to PBGC regulations. Later, as LTV was wrapping up its plan of reorganization it negotiated new plans with labor unions. The PBGC objected to the new plans as being "abusive" of the statutory insurance program. As a result, the PBGC issued a restoration notice directing LTV to reestablish its prior plans rather than create new plans. The case involved no demand for monetary relief or the recovery of property. A recent decision by the Second Circuit, SEC v. Brennan, 230 F.3d 65 (2d Cir. 2000), contains a detailed analysis of section 362(b)(4) and is

more on point. In Brennan, the SEC had obtained a securities fraud judgment against the debtor prior to the commencement of bankruptcy. As part of the judgment, the court ordered the debtor to disgorge approximately $75 million in ill-gotten gains and interest. After Brennan filed his bankruptcy petition, the SEC requested and obtained from the trial court an order directing the debtor to repatriate assets that had been placed in an off-shore trust. The Second Circuit found that Congress created in Section 362(b)(4) an "exception to the exception" for enforcement of money judgments. The court stated that the "exception to the exception" does not depend on a governmental unit's profession of good faith or its intended disposition of the property recovered from the debtor. As a consequence, the court held that the SEC's repatriation order ran afoul of the automatic stay. DOL's District Court Complaint suffers from the same defect. That the intended beneficiary of DOL's action is the Plan matters not.

DOL's second complaint (the Dischargeability Complaint"), filed on April 30, 2004, in the above-captions bankruptcy case, contains largely identical allegations as the District Court Complaint but seeks a declaration that the Debtor's alleged debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4). Section 523(a)(4) enables a creditor to whom the debtor owed fiduciary duties to bring an action in the bankruptcy court contesting the dischargeability of the debtor's debt to the creditor. In this case, the ostensible creditor is the Plan as represented by the Secretary of Labor. DOL argues that withdrawal of the reference to the Bankruptcy Court is mandatory. As it most certainly knows, DOL is wrong.

## DISCUSSION

Section 523(a)(4) of the Bankruptcy Code provides in part that a discharge under Chapter 7 does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity. 11 U.S.C. § 523(a)(4). To make a cause of action under section 523(a)(4), a

plaintiff must prove that (a) he or she was, as of the commencement of the case, a creditor, see generally In re Compagnone, 239 B.R. 841, 843 (Bkrtcy. D. Mass. 1999). (b) the debtor incurred the debt to the plaintiff while acting in a fiduciary capacity, see In re Hemmeter, 242 F.3d 1186 (9th Cir. 2001) (concluding that an ERISA fiduciary qualifies as a fiduciary under section 523(a)(4)), and (c) the debt to the plaintiff was the result of debtor's fraud or defalcation. Id; In re Baylis, 383 F.3d 9 (1st Cir. 2002).

Determinations as to the dischargeability of debts are "core proceedings" in which bankruptcy judges may enter final orders. 28 U.S.C. § 157(b)(2)(I). The statutory designation of core proceedings represents the judgment of Congress that bankruptcy judges are particularly, if not uniquely, qualified to adjudicate such matters.

Despite the designation of a matter as a core proceeding, a district court may withdraw the reference to the bankruptcy court for cause shown. 28 U.S.C. § 157(d). Cause to withdraw the reference may include "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997) (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)).

In this case, DOL claims that abstention by the is mandatory because "[r]esolution of the adversary complaint requires substantial interpretation of the Employee Retirement Income Security Act of 1974 ...." DOL Memorandum at 7. In support of its claim, DOL lists seven "ERISA issues" that must be considered to resolve the complaint. In fact, most of the cited issues relate only to whether the Debtor (a) was a Plan fiduciary, an issue conceded by the Debtor, and (b) violated his fiduciary duties to the Plan and its participants. The Plan is a

voluminous document that contains a detailed specification of trustee duties. DOL apparently wants to look past the document, seemingly suggesting that the Plan composition is irrelevant.

Ultimately at issue in this case is DOL's allegation that the Debtor failed to account for all employee contributions to the Plan. The Debtor concedes that approximately $40,000.00 of employee contributions were not remitted to the Plan. A substantial percentage of the unremitted funds belonged to the Debtor, who was the largest contributor to the Plan. The Debtor also concedes, as noted above, that until his recent resignation he was a Plan fiduciary. The determinative issues in this adversary proceeding will therefor be:

(1) What was the amount of employee contributions unremitted to the Plan;

(2) What is the amount of the credit to which the Debtor is entitled for his share of the unremitted contributions; and

(3) Did the Debtor's alleged failure to ensure that employee contributions were properly remitted by the Plan Sponsor constitute defalcation within the meaning of section 523(a)(4) of the Bankruptcy Code.

This adversary proceeding could have been brought by the Plan participants, without any consideration of ERISA. That DOL is the nominal plaintiff does not transform this matter into a trial about ERISA.

## CONCLUSION

"Mandatory withdrawal is only appropriate when the proceeding requires significant interpretation [of federal law other than Title 11], as opposed to simple application of federal laws apart from bankruptcy statutes." Ralls v. Docktor Pet Centers, Inc., 177 B.R. 420, ftnt. 12, quoting In re Tastee Donuts, Inc., 137 B.R. 204 (E.D. La. 1992). DOL's complaint against the Debtor could be resolved without any significant interpretation of ERISA. As a consequence, 28

U.S.C. § 157(d) fails to mandate withdrawal of the reference. Because DOL's District Court Complaint violates the automatic stay and, in substance, anticipates a favorable result on the Dischargeability Complaint, DOL likewise cannot show cause for withdrawal of the reference. The Court therefore should deny DOL's motion and allow this matter to remain in the Bankruptcy Court.

                        Respectfully submitted,

                        Brian M. Anger, Debtor,
                        By his attorney,

Date: 6-2-04

                        Nicholas Katsonis
                        BBO No. 632580
                        de Verges & Katsonis
                        40 Southbridge Street, Suite 215
                        Worcester, MA 01608
                        (508) 754-2600

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing pleading were served upon all parties listed below by United States Mail, postage prepaid, on this 2nd day of June 2004

_____
Nicholas Katsonis

Maureen L. Canavan
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Bldg, Room E-375
Boston, MA 02203

2004 JUN -2 P 3: 52
BANKRUPTCY COURT
WORCESTER, MA.
FILED
IN CLERK'S OFFICE