UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In re:
   Brian M. Anger, xxx-xx-3997
   Jean M. Anger, xxx-xx-5542

Elaine L. Chao, Secretary of Labor,
   United States Department of Labor,

                        Plaintiff

        v.

Brian M. Anger, xxx-xx-3997

                        Defendant

CIVIL ACTION
File No. 4:04 cv 40109-FDS

Chapter 7
Case No. 04-40719 JBR

Adversary No. 04-04336

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SECRETARY'S RESPONSE TO DEBTOR'S ANSWER TO MOTION TO WITHDRAW REFERENCE OF ADVERSARY COMPLAINT FROM THE BANKRUPTCY COURT TO THE DISTRICT COURT

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, (the "Secretary") submits this Response to the Debtor's Answer to the Secretary's Motion to Withdraw Reference of Adversary Complaint from Bankruptcy Court to District Court. The Secretary files this Response in order to clarify for the Court an issue addressed in the Memorandum in Support of the Secretary's original Motion and misconstrued in Debtor's Answer to the Secretary's Motion. Specifically, the Secretary's Response seeks to clarify issues raised by the Debtor regarding whether the Secretary's District Court ERISA enforcement action is barred by operation of the automatic stay provisions of the Code.

In his objection to the Secretary's Motion to Withdraw Reference of the Adversary Complaint from the Bankruptcy Court to the District Court, the debtor places great emphasis on his argument that the filing of the Secretary's District Court Complaint is a violation of the

1

automatic stay provisions of the Code. While that argument more appropriately would lie in a Motion to Enforce the Automatic Stay, it in incumbent upon the Secretary to clarify her position and the state of the law in light of Debtor's erroneous description of the nature of the Secretary's District Court action.

Debtor, in his Answer describes the Secretary's District Court Complaint as follows. "First, DOL asks for injunctive relief to prevent the Debtor from serving as a plan fiduciary." Debtor's Answer at paragraph 3. Debtor acknowledges that such an action is a proper exercise of the police power and as such is excepted from the automatic stay. Debtor proceeds to describe the Secretary's action as "Second, DOL seeks to recoup alleged losses to the NDI plan through a money judgment and setoff of the Debtor's funds in the Plan." Debtor's Answer at paragraph 3. This second statement erroneously describes the nature of the Secretary's District Court Complaint.

As the Secretary made clear in her Motion to Withdraw the Reference, the Secretary's District Court action, in addition to seeking injunctive relief against Mr. Anger, seeks to establish a dollar value of restitution owed to the Plan. As the Secretary's Memorandum in Support of her Motion to Withdraw the Reference made clear, in the ordinary course of a bankruptcy proceeding, the Secretary of Labor would pursue a claim in District Court, establish an amount owed by the debtor, obtain a judgment and then seek a distribution of monies owed from the bankruptcy estate. In this case, the Secretary has filed her District Court action which, among other things, seeks to establish the amount of restitution owed to the Plan. Such an action is excepted from the automatic stay by § 362(b)(4) of the Bankruptcy Code, 11 U.S.C. § 362(b)(4). See Martin v. Friedman, 133 B.R. 609 (N.D. Ohio 1991), Dole v. Hansbrough, 113 B.R. 96

(D.D.C. 1990); Secretary of Labor v. Incor, Inc., 10 Empl.Ben.Cas. (BNA) 264 (Bankr. 9th Cir. 1988); McLaughlin v. Craig, 10 Empl. Ben. Cas. (BNA) 1437, 1440 (N.D.Tex. 1988), Donovan v. Porter, 584 F. Supp. 202, 206-207 (D. Md. 1984). In filing her action, the Secretary seeks not to advance the pecuniary interests of the government, but instead to enforce the protection of the nation's employees covered under employee benefit Plans. *See* Pension Benefit Guaranty Corp. v. LTV, 874 F.2d 1008 (2d Cir. 1989), rev'd on other grounds, 110 S.Ct. 2668 (1990), affirming In Re Chateaugay Corp., 878 B.R. 779 (S.D.N.Y. 1988).

Debtor claims that the Secretary seeks a "money judgment and setoff of the Debtor's funds in the Plan." Debtor's Answer at paragraph 3. Debtor's statement apparently is based upon the Secretary's prayer for relief in the District Court Complaint. While the Secretary seeks that the District Court establish the amount of the monetary restitution, the collection of any restitution from Mr. Anger, or his bankruptcy estate, must be realized in the context of the bankruptcy proceeding. While such a collection action may be subject to the automatic stay provisions of the Code, the underlying ERISA fiduciary breach action is excepted from the automatic stay provisions.[1]

As the Court is aware, the Secretary takes the position that defendant Brian M. Anger's actions constitute defalcation within the meaning of § 523(a)(4) of the Code and, as a consequence, that his debt to the Plan should not be discharged. For that reason, the Secretary has filed a Complaint to Determine the Dischargeability of Debt regarding the debt the Secretary

---

[1] If and when that occurs, defendant Anger will have ample opportunity to assert that any attempt to set off his plan account balance would violate the automatic stay. The Secretary may assert that amounts deposited with the Plan in the account of Brian M. Anger are not assets of Brian Anger's bankruptcy estate and may be subject to set off without regard to the fact that Mr. Anger has filed for protection under Chapter 7 of the Code. Patterson v. Shumate, 504 U.S. 753 (1992); See also In re DeNadai, 259 B.R. 801(Banrk. D. Mass. 2001); In re CRS Steam, Inc., 217 B.R.

asserts Brian Anger owes to the Plan. While the Secretary's District Court Complaint, in her prayer for relief, includes language regarding set off of Brian M. Anger's account balance pursuant to ERISA § 206(d)(4), 29 U.S.C. §1056(d)(4),[2] the gravamen of the Complaint concerns determination of the restitution amount, not *collection* of the debt. Any collection of a debt from Mr. Anger or his estate will be resolved in light of the posture of the bankruptcy proceeding, including resolution of all issues regarding the dischargeability of the debt. Because the Secretary's District Court Complaint is not a collection action, but is an action to determine Mr. Anger's liability as an ERISA fiduciary and seeks first and foremost injunctive relief and establishment of a judgment amount, the action is excepted from the automatic stay provisions of the Code and should proceed accordingly.

Date: June 23, 2004

Respectfully submitted,
Howard M. Radzely
Solicitor of Labor

Frank V. McDermott
Regional Solicitor

Maureen L. Canavan
Attorney BBO #550969
Attorneys for Elaine L. Chao
Secretary of Labor,
United States Department of Labor

Address:
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA  02203
Telephone: (617) 565-2500

---

365 (Bankr. D. Mass. 1998).

2 Specifically, the Secretary requests that the Court issue an Order "requiring Defendants to restore to the Plan any and all losses incurred as a result of breaches of their fiduciary duties and violations they committed or for which they are liable, with appropriate interest, including set off of Defendant Brian M. Anger's individual Plan account against the amount of losses, as authorized by 29 U.S.C. §1056(d)(4), if the losses are not otherwise restored to the Plan by Defendants."

## CERTIFICATE OF SERVICE

I certify that one copy of the foregoing *Motion for Withdrawal of Reference of Adversary Complaint from the Bankruptcy Court to the District Court*, *Memorandum in Support of Motion to Withdraw Adversary Complaint from the Bankruptcy Court to the District Court,* and *Notice of Filing* have been served on the individuals listed below on this 23rd day of June, 2004, by sending copies via first-class mail to:

> Nicholas Katsonis, Esq.
> diverges & Katsonis
> 40 Southbridge Street, Suite 215
> Worcester, MA  01608